**MISSISSIPPI POWER & LIGHT COMPANY, Plaintiff,**

v.

**BRANSON AIRCRAFT CORPORATION, et al., Defendants.**

No. 91–C–963.

United States District Court,
D. Colorado.

Sept. 9, 1992.

Thomas J. Byrne, Denver, Colo., for plaintiff.

William H. Short, Denver, Colo., for Branson.

Mary A. Wells, Denver, Colo., for Beech Aircraft.

## ORDER DENYING MOTIONS TO DISMISS

CARRIGAN, District Judge.

Plaintiff Mississippi Power and Light Company, a Mississippi corporation, commenced this diversity action asserting claims for: (1) strict products liability (first and fourth claims); (2) negligence (second and fifth claims); and (3) breach of express and implied warranties (third and sixth claims). Pursuant to Fed.R.Civ.P. 12(b)(6), the defendant Beech Aircraft Corporation (Beech), a Delaware corporation with its principle place of business in Kansas, has moved to dismiss the plaintiff's fourth and fifth claims. Defendant Branson Aircraft Corporation (Branson), a Colorado corporation, has moved to dismiss the plaintiff's first and second claims. Plaintiff has responded by opposing the motions.

The parties have fully briefed the issues and oral argument would not be helpful. Jurisdiction exists under 28 U.S.C. § 1332.

This lawsuit arose from the explosion of an auxiliary fuel tank in an aircraft owned by the plaintiff. The aircraft was damaged by the explosion. No other property was damaged nor was any person injured. Branson had assembled the auxiliary fuel tank, and Beech had sold the airplane to the plaintiff.

Defendants argue that the plaintiff cannot recover under either strict products liability theory or negligence theory for property damage when the only property injured is the product itself. The parties agree that Colorado law applies to the plaintiff's claims against Branson, and that Kansas law applies to the plaintiff's claims against Beech.

In considering a Rule 12(b)(6) motion, the complaint must be construed liberally, *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and its factual allegations must be assumed to be true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal of a claim is improper unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of that claim to entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### A. Claims against Branson.

■ Branson argues that under Colorado law a plaintiff cannot recover on a tort claim for damage to the product itself, here the airplane, caused by negligent manufacture or product defect. Plaintiff responds by maintaining that property damage to the product itself is recoverable in tort.

#### 1. Strict Products Liability.

In *Hiigel v. General Motors Corporation,* 190 Colo. 57, 544 P.2d 983, 987 (1975), the Colorado Supreme Court adopted § 402A of the *Restatement (Second) of Torts.* The Colorado court there held that "damage to the product sold is covered under the doctrine of strict liability." *Id.* 544 P.2d at 988; *but see Richard O'Brien Cos. v. Challenge–Cook Bros., Inc.,* 672 F.Supp. 466, 472 (D.Colo.1987).

Branson argues that the *Hiigel* holding should be disregarded because the United States Supreme Court, sitting in admiralty, has held that damage to the product itself is not recoverable under either strict products liability or negligence. *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). Whether or not the Colorado Supreme Court would have held differently in *Hiigel* had *East River* been decided before *Hiigel* is unknown. *Lutz Farms v. Asgrow Seed Co.,* 948 F.2d 638, 643 (10th Cir.1991). In this diversity action, the governing law is Colorado state law, not federal admiralty law. *Hiigel* still stands for the proposition that under Colorado strict products liability law damage to the product itself is recoverable.

#### 2. Negligence.

Branson argues that *East River* bars a plaintiff from recovering in negligence for injury to a product sold.

It is axiomatic that in a negligence action the plaintiff may recover for all harm proximately caused by the defendant's negligent conduct. The Tenth Circuit, construing Colorado law, has allowed an action in negligence for injuries to the product itself, and declined to hold that *East River* alters this principle. *Lutz Farms,* 948 F.2d at 643. The Colorado Supreme Court has not yet followed the reasoning in *East River,* and unless and until it does, I am bound to apply settled Colorado law. Accordingly, I conclude that the plaintiff has stated a negligence claim against Branson.

#### 3. The Economic Loss Rule.

Branson contends that the plaintiff's damages are merely economic damages and thus not recoverable in tort. Colorado courts have recognized that "no cause of action lies in tort when purely economic damage is caused by negligent breach of a *contractual duty.*" (Emphasis added.) *Jardel Enterprises, Inc. v. Triconsultants, Inc.,* 770 P.2d 1301 (Colo.App.1988). But the products liability and negligence here asserted are not dependent on contractual liability. The economic loss rationale:

"is limited to cases that involve only economic loss and does not prevent a negligence action to recover for physical injury to property or to persons because, in that case, the duty breached generally arises independent of the contract.... There is a general rule of tort law that one who acts is under a duty to exercise reasonable care to avoid physical harm to persons and tangible property of others and this general duty extends to parties

to contracts." *Id.* at 1304 (citations omitted).

Plaintiff's first and second claims for relief allege injuries to the aircraft, *i.e.* physical harm to tangible personal property, not purely economic loss.

I conclude that the plaintiff has stated claims for relief for both negligence and strict products liability against Branson,[1] and therefore Branson's motion to dismiss must be denied.

### B. Claims against Beech.

Defendant Beech argues that Kansas law precludes recovery in tort for economic damages resulting from harm to the product itself. Unlike Colorado courts, Kansas courts have not yet decided this issue.

Without distinguishing between negligence and strict products liability actions, the Tenth Circuit adopted the following rule for determining whether damages resulting from defective products are recoverable in tort under Kansas law:

"the line between tort and contract must be drawn by analyzing interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose. These factors bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty law is most applicable to a particular claim." *Daitom, Inc. v. Pennwalt Corp.,* 741 F.2d 1569, 1582 (10th Cir. 1984) (quoting *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1173 (3rd Cir.1981)).

The essential distinction drawn by the Tenth Circuit is whether a defective product presents a danger of injury to persons or property. *Id.* To allow tort recovery in situations where a product defect does not pose a danger of injury to persons or property would "impose a non-contractual duty to provide a product of high quality to perform its functions.... This is plainly against the purpose of either current man-ufacturers' products liability or contract law." *Id.* The Tenth Circuit recognized that under Kansas law "unreasonable dangerousness consistently appears as a prerequisite and touchstone to recovery in tort for damages caused by a defective product." *Id.* at 1581 (citations omitted).

■ Under Kansas law, the plaintiff may recover "for physical damage to property resulting from an unreasonably dangerous defective product regardless of whether the damage is inflicted upon the defective product or upon other property." *Fordyce Concrete, Inc. v. Mack Trucks, Inc.,* 535 F.Supp. 118, 126 (D.Kan.1982); *see also Daitom,* 741 F.2d at 1581. Furthermore, tort recovery for injury to the defective product is not barred by the economic loss rule if the plaintiff is attempting to recover property damages, as distinguished from purely economic damages. *Fordyce,* 535 F.Supp. at 123.

■ Accepting the allegations in the amended complaint as true, as I must, I conclude that the plaintiff has stated claims under Kansas law for damages caused by the defective auxiliary fuel tank. Plaintiff alleges that the unreasonably dangerous condition of the aircraft resulted in property damage. (Amended complaint ¶¶ 21, 24). Plaintiff's damages are not purely economic since the plaintiff is attempting to recover damages caused by injuries to its property. *Id.* The nature of the risk in the instant case clearly implicates tort law. *See Nature's Share, Inc. v. Kutter Products, Inc.,* 752 F.Supp. 371, 381 (D.Kan. 1990). Therefore, Beech's motion to dismiss will be denied.

Accordingly, IT IS ORDERED that:

(1) Defendant Branson Aircraft Corporation's motion to dismiss the plaintiff's first and second claims for relief is denied;

(2) Defendant Beech Aircraft Corporation's motion to dismiss the plaintiff's fourth and fifth claims for relief is denied; and

---

1. The amended complaint alleges "other incidental and consequential damages which plaintiff has incurred" beyond the physical damage to the aircraft. (Amended Complaint ¶¶ 11, 14, 21, 24). I do not, and have not been asked to, decide whether the economic loss rule bars recovery of these incidental and consequential damages.

(3) The parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding, would facilitate settlement.